REID, Judge.
This case has previously been before this Court in Thomas v. Mobley et al., 118 So.2d 476 (La.App. First Cir. 1960) wherein this Court considered an appeal by the plaintiff from an adverse verdict of a jury and judgment of the 19th Judicial District Court in favor of the defendants, dismissing plaintiff’s suit which had been brought against the defendants Laurie S. Mobley and his wife Plelen Nelson Mobley, and against their insurer, Southern Farm Bureau Casualty Insurance Company, for alleged desecration of Pike’s Peak burial ground located on the defendants’ property in Pointee *620 Coupee Parish. In its earlier opinion this Court, in sustaining the verdict of the jury, held as follows:
“The judgment dismissing plaintiff’s demand is affirmed, without prejudice to plaintiff to reinstate the claim if, within a year of the final date of the present judgment, defendant Mobley has not completed the restoration of the graveyard (within the limits shown by Exhibit Mobley — 28 attached hereto), and the tombstones as tendered by his letter on November 16, 1956. (Exhibit Mobley — 6), and without prejudice to any claim for damages or other relief for future denial of access to said Pike’s Peak burial ground. * * ”
Availing himself of the above quoted reservation, the plaintiff has refiled his suit alleging the same grounds as in his original petition and contending the defendants have failed to comply with the above quoted decree of this Court.
The defendants filed exceptions of res judicata, prescription, estoppel and no right of action. After hearing evidence the Court rendered judgment sustaining the exception of no right of action. It is from that judgment this appeal has been taken.
The defendants answered the appeal alleging the Trial Court should have sustained their exceptions of res judicata, prescription and estoppel.
At the time of the trial of the exception it was found there was no Exhibit Mobley— 6 admitted in evidence at the original trial of the case as referred to in this Court’s original decree, and counsel for defendants offered in lieu thereof a photographic copy of Exhibit Mobley — 7, which is a letter of November 16, 1956 from defendants’ counsel to plaintiff’s counsel seeking approval of the plan of Mr. Mobley to finish the cleaning of the cemetery or burial ground on his plantation. In the opinion of the Trial Court, Exhibit Mobley — 7 filed herein is the offering referred to as Exhibit Mobley — 6 in this Court’s original decree. In addition, the defendants introduced Exhibit Mobley— 24 which purportedly shows the location of the tombstones prior to the time of the original restoration of the graveyard and is, of course, the sketch referred to in this Court’s earlier opinion.
As previously stated, this case was tried in the District Court under an exception of no right of action, and while there may be some question as to whether or not this matter was properly before the District Court on an exception of no right of action as defined by Article 927 of the Louisiana Code of Civil Procedure, it is not necessary for this Court to go into that question as all parties apparently treated the matter as a trial on the merits and the plaintiff on appeal has not raised the question of the propriety of it being tried as an exception of no right of action, and in fact, has acquiesced in the case being tried in this manner. In the concluding paragraph of plaintiff’s brief counsel for plaintiff asked this Court to reverse the judgment sustaining the exception of no right of action to award plaintiff damages in the amount prayed for and in the alternative asked the judgment sustaining the exception be reversed and the case remanded for a new trial. While not objecting to the question of whether or not the matter was properly before the District Court on an exception of no right of action, the plaintiff did object to the form of defendants’ exception. However, this matter has not been raised on appeal and must be treated as abandoned.
The Trial Court took the position that the only matter before it was whether or not defendants had, within the year allotted by the Court of Appeal, “completed the restoration of the graveyard (within the limits shown by Exhibit Mobley — 28 attached hereto), and the tombstones as tendered by his letter on November 16, 1956 (Exhibit Mobley — 6)” and whether or not there had been any denial of access to the cemetery.
The Trial Judge then concluded in view of the evidence adduced on the trial of the exception, in its opinion the defendants had *621 fully complied with the requirements set forth by this Court in its decree, saying in his reasons for judgment:
“By consent of counsel for all parties, I made a personal inspection of the graveyard a few days following the hearing on the exceptions. Measurements relating to the location of the tombstones were made with a cloth tape, hence I cannot vouch for the absolute accuracy of any of those measurements. However, I found that the tombstones were in the locations as shown by Exhibit Mobley — 24, subject to minor variations which I have already mentioned. The general appearance of the graveyard is as shown in the photographs and I see no reason for additional comment in that connection. It is true that cattle roam over it at will but I know of no obligation on the part of defendant Mobley to fence it.
“Attention was called by some of plaintiff’s witnesses to the fact that several of the tombstones are flat on the ground rather than in an upright position. It is my understanding from the evidence in the record that those tombstones were flat on the ground when originally found by the defendant Mobley and that he has replaced them in the exact position he found them in.
“Considering all the evidence mentioned, it is my opinion that plaintiff has not shown that defendant Mobley failed to comply with the promises made by him in his testimony, as evidenced by Exhibit Mobley — 7, Exhibit Mobley— 24 and Exhibit Mobley — 28. For these reasons, I am of the opinion that plaintiff has not shown he has a right of action, and for these reasons the defendants’ exception of no right of action is maintained and plaintiff’s renewal petition herein is dismissed.”
This Court is in agreement with the opinion of the Trial Judge as. to the scope and breadth of its decree and with the findings of fact as to whether or not the defendants had complied with this Court’s decree. The Trial Judge heard the witnesses, examined the documents and viewed the cemetery itself. It should also be pointed out that the Trial Judge herein was the same Judge who heard the original jury trial and thus was well acquainted with all the evidence adduced at the time of the original trial.
On the trial of this matter the defendant, Laurie S. Mobley testified that he had restored the cemetery in accordance with the decree of this Court and that this had been completed within the time limit set forth in this Court’s decree. He further testified he would have no objection to any individuals, including the plaintiff, having relatives buried in the cemetery doing work on the cemetery and maintaining it.
In regard to the plaintiff’s contention the defendants permitted cattle to roam over the cemetery, this Court is in agreement with the views of the District Court to the effect there was no obligation under its decree for the defendants to fence the cemetery, the evidence being clear that the cemetery had been unfenced ever since it had been used as a cemetery and had always formed a part of the defendant’s pasture and was used as a pasture prior to Mr. Mobley’s acquiring it in 1937.
In regard to plaintiff’s contention that he should have been permitted to introduce evidence as to the method used by defendants in complying with their obligation, it can only be assumed the plaintiff is objecting to the Trial Court’s sustaining the objection of the defendants to the plaintiff’s attempt to go into the type of equipment and method used by the defendants in complying with this Court’s decree. This matter was fully decided by this Court in its original decree when it held that it was permissible to use machinery in operations of this type.
In conclusion, it is the opinion of this Court that an examination of the record in *622 this case clearly shows the plaintiff failed to prove the defendants had not complied with this Court’s earlier decree and for the reasons set forth above the judgment of the Trial Court is affirmed at plaintiff’s costs.
Affirmed.